# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 PENSION FUND, *et al.* </br></br>Plaintiffs, </br></br>vs. </br></br>AURA CONTRACTING, LLC </br></br>Defendant. | Case No.: **3:10-cv-00753-DRH-PMF** |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is the plaintiffs' (Doc. 21) motion for contempt. The defendant, Aura Contacting, LLC, has not filed a response to the motion. For the following reasons, it is **RECOMMENDED** that that the plaintiffs' (Doc. 21) motion for contempt be **GRANTED**.

## FACTS

Judgment was granted for the plaintiffs in this case on January 28, 2011 in the amount of $66,334.48. *See* Doc. 17. The plaintiffs have not been able to collect all of the judgment balance. *See* Doc. 22 at 1. On July 28, 2011, the Court ordered defendant to appear for a Rule 69 deposition on August 16, 2011 and produce documents requested by the plaintiffs. *See* Doc. 20. The defendant failed to appear for that deposition or produce any of the requested documents. *See* Docs. 22-1, 22-3.

## DISCUSSION

The plaintiffs have brought the instant motion for contempt (Doc. 21), requesting that the Court find the defendant in contempt due to its noncompliance with this Court's July 28, 2011 order (Doc. 20). The plaintiffs request that the Court impose a fine of $200 for each day

1

that the defendant fails to comply with this Court's order and reimbursement of the costs of bringing the instant motion. *See* Doc. 22 at 2.

The Court must first classify the nature of the sanction. A Seventh Circuit case decided in 2009 summed up the difference between civil and criminal contempt as follows:

> Contempt sanctions come in two forms-criminal and civil. In a given case, which form a sanction takes depends on the "character of the relief itself," and not on the "subjective intent of ... courts." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994); *see also Shillitani v. United States*, 384 U.S. 364, 369, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966) (" 'It is not the fact of punishment, but rather its character and purpose, that often serve to distinguish' civil from criminal contempt.") (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441, 31 S.Ct. 492, 55 L.Ed. 797 (1911)). The form of the sanction matters because criminal sanctions require certain constitutional safeguards before they are imposed (e.g., right to counsel, notice of charges, double jeopardy, proof beyond a reasonable doubt). *Bagwell*, 512 U.S. at 826-27, 831, 114 S.Ct. 2552; *In re Troutt*, 460 F.3d 887, 893 (7th Cir. 2006); *see also* FED.R.CRIM.P. 42(a). Civil sanctions, by contrast, may be imposed without as many safeguards, *Bagwell*, 512 U.S. at 831, 114 S.Ct. 2552, though some level of due process is always required, and might vary depending on the circumstances, *id*. at 833-34, 114 S.Ct. 2552 ("Contempts involving out-of-court disobedience to complex injunctions often require elaborate and reliable factfinding."); *see generally* 11A *Charles Alan Wright, Arthur R. Miller & Mary Kay Kane*, FEDERAL PRACTICE AND PROCEDURE § 2960 (2d ed.2009).
> …
> The differences between criminal and civil contempt sanctions are not always easy to discern. *See Bagwell*, 512 U.S. at 827, 114 S.Ct. 2552. Generally, civil contempt "is remedial, and for the benefit of the complainant," while criminal contempt "is punitive, to vindicate the authority of the court." *Id*. at 827-28, 114 S.Ct. 2552; *Manez*, 533 F.3d at 590. In terms of monetary sanctions, civil sanctions fall in two categories. They can compensate the complainant for his losses caused by the contemptuous conduct. *Bagwell*, 512 U.S. at 829, 114 S.Ct. 2552; *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04, 67 S.Ct. 677, 91 L.Ed. 884 (1947). Or they can coerce the contemnor's compliance with a court order. A coercive sanction must afford the contemnor the opportunity to "purge," *Bagwell*, 512 U.S. at 829, 114 S.Ct. 2552, meaning the contemnor can avoid punishment by complying with the court order, *Penfield Co. v. SEC*, 330 U.S. 585, 590, 67 S.Ct. 918, 91 L.Ed. 1117 (1947). On the other hand, a criminal contempt sanction is "a 'flat, unconditional fine' totaling even as little as $50 announced after a finding of contempt ... [where] the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance." *Bagwell*, 512 U.S. at 829, 114 S.Ct. 2552.

*F.T.C. v. Trudeau*, 579 F.3d 754, 769 (7th Cir. 2009).

Here, the Court must conclude that the requested sanctions in this case are civil in nature. The plaintiff has requested that the defendant "be held in contempt of Court and that a monetary compliance fine of $200 be imposed for each day of defendant's noncompliance." Doc. 22 at 2. Also, the plaintiff has requested fees and expenses in bringing the instant motion. *Id*. It appears that the nature of the requested sanctions are coercive and compensatory and, therefore, civil rather than criminal.[1]

The facts outlined *supra* are certified pursuant to 28 U.S.C. § 636(e)(6)(B) as grounds for a finding defendant Aurua Contracting, LLC is in civil contempt of the order entered by this Court on July 28, 2011. *See Stotler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (providing that the complaining party must prove that the order was violated by clear and convincing evidence and citing *See, e.g., United States v. Huebner*, 752 F.2d 1235, 1241 (7th Cir.), *cert. denied*, 474 U.S. 817, 106 S.Ct. 62, 88 L.Ed.2d 50 (1985)).

## **RECOMMENDATION**

For the forgoing reasons, it is **RECOMMENDED** that that the plaintiffs' (Doc. 21) motion for contempt be **GRANTED**.

It is further **RECOMMENDED** that the defendant Aura Contracting, LLC be held in civil contempt based upon the certified facts of this Report and Recommendation and pursuant to 28 U.S.C. § 636(e)(6)(B).

---

[1] While the plaintiff briefly alluded to incarceration as a possible remedy that may be imposed by the Court, it is apparent that the plaintiff was merely trying to articulate the seriousness of the misconduct by the defendant rather than praying that the Court actually incarcerate the defendant. *See* Doc. 22 at 2.

It is further **RECOMMENDED** that the defendant be permitted to purge themselves of any finding of contempt by paying to plaintiff the sum of $25 per day for each day after August 16, 2011, that they fail to comply with the July 28, 2011, order.

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to the registered agent of Aura Contracting, as recorded with the Missouri Secretary of State:

Tim Corry
Registered Agent of Aura Contracting, LLC.
38 Bear Cub Ct.
Wentzville, MO 63385

**SO ORDERED.**

**DATED: September 12, 2011.**

> /s/ Philip M. Frazier
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**